```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMBER BLUNT, et al.              :      CIVIL ACTION
                                 :
          v.                     :
                                 :
LOWER MERION SCHOOL              :
DISTRICT, et al.                 :      NO. 07-3100
```

MEMORANDUM

Bartle, C.J.                                              June 6, 2008

      Pending before the court in this matter are: (1) the motion of defendant Pennsylvania Department of Education ("Department of Education" or "Department") for reconsideration of this court's February 15, 2008 Order denying the Department's motion to dismiss certain claims; and (2) the motion of plaintiffs for leave to file a Second Amended Complaint.

                                            I.

      This putative class action was originally brought by seven students or former students of the Lower Merion School District, the parents of six of these students, and two advocacy organizations (collectively, "organizational plaintiffs"), Concerned Black Parents, Inc. ("CBP") and the Mainline Branch of the NAACP ("NAACP"). They sought injunctive and monetary relief against defendants for disability and race discrimination. Plaintiffs' original Complaint named as defendants the Lower Merion School District ("School District"), its Superintendent, its Director of Pupil Services, the Lower Merion School Board

("School Board") and officers and members of the School Board (collectively, "School District defendants"). On September 26, 2007, plaintiffs filed a First Amended Complaint as a matter of right and added as defendants the Pennsylvania Department of Education, its Secretary, and the Director of its Bureau of Special Education (collectively, "Commonwealth defendants").

The First Amended Complaint contained six counts alleging violations of:  (1) the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, in Count I; (2) Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, in Count II; (3) Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794, in Count III; (4) Title VI of the Civil Rights Act ("Title VI"), 42 U.S.C. § 2000d, in Count IV; (5) the Civil Rights Act of 1964 ("§ 1983"), 42 U.S.C. § 1983, in Count V; and (6) the Pennsylvania Public School Code of 1949 ("Public School Code"), 24 Pa. Stat. Ann. § 1371, *et seq.*, and the State Board of Education Regulations promulgated thereunder, specifically, 22 Pa. Code §§ 14.121(b) and (c) and 14.122 in Count VI.

All defendants moved to dismiss the First Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991); Gould Elecs. Inc. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000). In a Memorandum and Order dated February 15, 2008, the

court granted in part and denied in part defendants' motions. Specifically, the court dismissed the following from the First Amended Complaint: (1) all claims brought by plaintiff Linda Johnson insofar as she sued on behalf of her daughter, Lydia Johnson; (2) all claims under the IDEA, ADA and RA against the School District defendants; (3) the claims of Amber Blunt, Crystal Blunt, Michael Blunt (collectively, "the Blunt plaintiffs"), CBP, and NAACP under Title VI against all defendants and under § 1983 against the School District defendants; (4) the claims of all individual plaintiffs other than the Blunt plaintiffs (collectively, "non-Blunt individual plaintiffs")[1] against the School District defendants under § 1983 insofar as they were based on violations of the IDEA and the Pennsylvania Public School Code; (5) all claims under the Public School Code against the Department of Education; and (6) all remaining claims against the individually named School District and Commonwealth defendants, that is, against all defendants except the School District, School Board, and Department of Education. Blunt v. Lower Merion Sch. Dist., No. 07-3100, 2008 WL 442109 (E.D. Pa. Feb. 15, 2008). The claims brought by the organizational plaintiffs, CBP and NAACP, were dismissed on the ground that neither organization had alleged an injury sufficient to confer standing. Id. at 15.

---

1. Specifically, these named individuals are as follows: Lydia Johnson, Linda Johnson, Saleema Hall, Chantae Hall, Carol Durrell, Walter (Jonathan) Whiteman, Christine Dudley, Eric Allston, Richard Coleman, and June Coleman.

II.

We first consider the motion of the Department of Education for reconsideration of the court's February 15, 2008 Order denying the motion of the Department to dismiss the claims of the non-Blunt individual plaintiffs under the IDEA, ADA and RA.  Our Court of Appeals has explained that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A court may grant a motion for reconsideration if the party seeking reconsideration "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Here, defendants contend that the court has committed a clear error of law.

In its motion to dismiss, the Department of Education argued that the plaintiffs had failed to exhaust the administrative remedies available for the claims of the non-Blunt individual plaintiffs under the IDEA, ADA and RA, that such exhaustion would not have been futile, and thus that this court did not have subject matter jurisdiction over the claims.  W.B. v. Matula, 67 F.3d 484, 493 (3d Cir. 1995) (overturned on other grounds by A.W. v. Jersey City Pub. Sch., 486 F.3d 791 (3d Cir.

2007)).  Though it was undisputed that the non-Blunt individual plaintiffs had not exhausted their administrative remedies, we determined that it would have been futile to require exhaustion against the Department.  <u>Blunt</u>, 2008 WL 442109 at *7.  In this respect, we distinguished between plaintiffs' claims against the School District defendants, which we did dismiss for failure to exhaust administrative remedies.  We held that plaintiffs' claims against the School District defendants primarily concerned their allegations that they had been denied a free appropriate public education ("FAPE"), an educational program individually tailored to meet their specific needs under the IDEA.  <u>Id.</u>  In contrast,

> The gravamen of plaintiffs' Amended Complaint against the Commonwealth defendants is that the Pennsylvania Department of Education failed appropriately to supervise the School District's provision of special education services generally and has failed specifically in the areas of compliance monitoring, complaint resolution and "child find."  Neither the IDEA nor the Pennsylvania regulations provides an administrative forum wherein plaintiffs can challenge the actions of the Commonwealth defendants.  Each stage of the administrative process set forth by the Pennsylvania regulations envisions a proceeding between the parents or representative of the student in question and the school district.  See e.g. 22 Pa. Code § 14.162.  Thus, requiring the plaintiffs to exhaust their administrative remedies against the Commonwealth defendants would be futile.  These allegations of systemic failure could not be remedied through any administrative process since there is none.

<u>Id.</u> (footnote omitted).[2]

---

2.  After we considered whether the plaintiffs had exhausted
(continued...)

The Department of Education now points to a provision of the IDEA requiring that any due process complaint filed against the School District must also be forwarded to the state educational agency.  20 U.S.C. § 1415(b)(7)(A).  It maintains that this notice provision is part of the administrative process which must be exhausted and that it was not futile for plaintiffs to have done so.  Specifically, the Department asserts that the provision of such notice would have given it an informal opportunity to address any alleged deficiencies by the School District in connection with the FAPEs for the students in question.

We hold that the Department of Education has failed to show that the court committed a clear error of law when it denied the Department's motion to dismiss the claims of the non-Blunt individual plaintiffs under the IDEA, ADA and RA.  A motion for reconsideration may not be used to give a litigant a "second bite at the apple."  See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).  A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one.  See id.  A motion

---

2.(...continued)
their administrative remedies under the IDEA against each defendant, we noted that the same exhaustion requirements were applicable to plaintiffs' claims under the ADA, RA and Public School Code.  We thus treated plaintiffs' claims under all four of those statutes in the same manner.  Blunt, 2008 WL 442109 at *8 (citations omitted).

for reconsideration "should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990) (quoted in Bhatnagar, 52 F.3d at 1231); Jasin, 292 F. Supp. 2d at 676. Therefore, it is "improper ... to ask the Court to rethink what [it] had already thought through." Glendon Energy Co. v. Bor. of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

The question of what administrative remedies the plaintiffs were required to exhaust and whether it was futile for those plaintiffs to have exhausted them against each defendant was extensively briefed and squarely before the court when it considered the motions of defendants to dismiss. The Department of Education had ample opportunity to raise its current arguments in connection with its motion to dismiss. It failed to do so and provides the court with no explanation for this failure. Reconsideration by the court would be improper under these circumstances.

In any event, the Department of Education's current argument does not convince us that we committed a legal error when we determined that any attempts to exhaust administrative remedies against the Department would be futile. To the contrary, the statutory provision to which the Department cites does not provide the plaintiffs with any administrative remedies against the Department. 20 U.S.C. § 1415(b)(7)(A). It merely requires that a copy of any due process complaint notice filed

against the local educational agency be forwarded to the state educational agency as well.  Even if the plaintiffs had availed themselves of the administrative process in this case, the notice provision of § 1415(b)(7)(A) would not have provided them any opportunity to secure relief against the Department of Education.

The Department argues, however, that the notice provision is part of the administrative process which must be exhausted because giving such notice to the Commonwealth allows it an informal opportunity to address the alleged deficiencies with the local educational authorities.  In support of its contention, the Department cites to two cases, Grieco v. New Jersey Department of Education, Civ.A. No. 06-4077, 2007 WL 1876498 (D.N.J. June 27, 2007) and Chavez v. Board of Education of Tularosa Municipal Schools, Civ.A. No. 05-380, 2006 WL 4060668 (D.N.M. Oct. 19, 2006).

Ultimately, Grieco and Chavez are not convincing.  We first note that neither of these decisions is binding on this court.  Thus, to the extent that our holding departs from the holdings in Grieco or Chavez, we are clearly not committing a manifest error of law in refusing to reconsider our previous determination.  Moreover, these decisions are distinguishable from the case before this court.  We are therefore not persuaded that their reasoning should be applied to the facts of the instant matter.

The plaintiffs in Grieco, three students with Down Syndrome, filed a class action complaint against the State of New

Jersey alleging violations of the IDEA.  Grieco, 2007 WL 1876498 at *1.  The court granted the motion of the State defendants to dismiss in part because the plaintiffs had not exhausted their administrative remedies.  Grieco, however, recognized that "[c]ourts have found exhaustion to be excused 'where plainitffs allege structural or systemic failure and seek systemwide reforms.'"  Id. at *6 (citing Ass'n for Cmty. Living in Colo. v. Romer, 992 F.2d 1040, 1044 (10th Cir. 1993); Beth V. by Yvonne V. v. Carroll, 87 F.3d 80, 89 (3d Cir. 1996).  The court read plaintiff's complaint as not alleging any such structural or systemic failure.  Id. at *9.  In contrast to Grieco, this court has determined that the plaintiffs' claims against the Department of Education do allege a systemic failure of the Department's duty to supervise the School District's provision of special education for African-American students.  Blunt, 2008 WL 442109 at *7.  We determined that no administrative process existed such that would allow the plaintiffs to address its systemic allegations against the Department.

      The Department additionally relies on Chavez, 2006 WL 4060668, in support of its argument the provision of notice under § 1415(b)(7)(A) should be treated as part of the administrative exhaustion requirement.  To the extent the Chavez court considered the notice requirement, it did so for purposes totally unrelated to the question of administrative exhaustion which is presently before this court.  Further, since the decision in Chavez expressly declined to reach any question related to the

application of § 1415(b)(7)(a), its discussion of that notice requirement is dicta at best.

## III.

We now turn to the motion of plaintiffs under Rule 15(a) of the Federal Rules of Civil Procedure for leave to file a Second Amended Complaint.  Rule 15(a) provides that after the time passes during which a plaintiff may file an amended complaint as a matter of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Although a district court has the discretion whether to grant or deny a request for an opportunity to amend, denying such a request without justification is an abuse of discretion. Foman v. Davis, 371 U.S. 178, 182 (1962); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).  "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."  Burlington Coat, 114 F.3d at 1434 (citing Foman, 371 U.S. at 182).

Plaintiffs seek to amend their complaint "to add additional allegations of the injury that [the organizational plaintiffs, CBP and NAACP,] have sustained as organizations and to show that they have members who would have standing to sue[;] to add Quiana Griffin and Lynda Muse as Plaintiffs and Class Representatives[;] and to dismiss their claims against the individually named School Board members."  Pl.s' Mot. to Am. at

-10-

¶ 3.[3]   The School District and School Board defendants strenuously object to the motion.[4]  They contend that certain portions of the proposed Second Amended Complaint are futile, that the plaintiffs have acted in bad faith, and that the plaintiffs have unduly delayed their request for an opportunity to amend, which will result in prejudice to the defendants if the court permits the amendments.

Many of the School District defendants' protestations are based on the fact that plaintiffs' proposed Second Amended Complaint contains parties and claims that this court has already dismissed, without adding any averments that would cure the earlier deficiencies.  The School District defendants argue that the inclusion of these claims is plainly futile, that their inclusion was an act of bad faith, and that they would be prejudiced by the need to file a repetitive motion to dismiss. Plaintiffs explain that the previously dismissed counts were included out of an abundance of caution to preserve those claims on appeal.

Our Court of Appeals has held that "[i]f a party omits a claim from an amended complaint that it would not have been

---

3. In our February 15, 2008 Order, we dismissed all claims against individually named defendants, including the individually named School Board members.  Though plaintiffs's proposed Second Amended Complaint repleads claims against other individually named defendants, it does not do so with respect to the individually named School Board members.

4. Commonwealth defendants did not file a memorandum in opposition to plaintiffs' motion.

Case 2:07-cv-03100-HB   Document 44   Filed 06/06/08   Page 12 of 18

futile to replead, that party can still preserve the claim for appellate review by standing on the dismissed claim despite leaving it out of the amended complaint." U.S. ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 517 (3d Cir. 2007).  In determining whether it is futile to replead a claim, the court must consider whether that claim was dismissed on the merits.  Id.

> A dismissal is on the merits when it is with prejudice or based on some legal barrier other than want of specificity or particularity. ... For example, dismissals based on subject matter jurisdiction or preemption should be understood as being on the merits. ... Repleading is futile in such cases because the legal inadequacy cannot be solved by providing a better factual account of the alleged claim.

Id. at 516-17 (citing Burlington Coat, 114 F.3d at 1435; Joyce v. RJR Nabisco Holdings Corp., 126 F.3d 166, 173-74 (3d Cir. 1997)).

In the instant matter, it would be futile for plaintiffs to replead all of their previously dismissed claims except the claims brought by the organizational plaintiffs.  We dismissed the claims against the organizational plaintiffs on the ground that the First Amended Complaint did not contain sufficient allegations of standing on behalf of these plaintiffs.  Clearly this defect can be remedied by setting forth a further factual account of the organizational plaintiffs' claims.  The Second Amended Complaint should not, however, replead any of the other, futile claims which have previously been dismissed.  Though plaintiffs may be correct that Atkinson does not bar them

-12-

from including those claims, an amended complaint that excludes those claims will not cause any prejudice to plaintiff.  It will greatly simplify the litigation, avoid confusion as to what claims are currently in and what claims are currently out, and may spare the parties some additional motions practice.

The School District defendants also maintain that certain other of plaintiffs' proposed amendments should not be permitted.  First, they contend that it is futile for plaintiffs to attempt to add Quiana Griffin ("Griffin") and Lynda Muse ("Muse"), another African-American student in the School District and her mother, to the claims against them under the IDEA, ADA, RA, Public School Code and to the § 1983 claims that rely on these statutes.  The School District defendants point to the fact that the Second Amended Complaint as proposed contains no allegation that either of these prospective plaintiffs has exhausted her administrative remedies against the School District or School Board under the IDEA, nor have they alleged any reason why those procedures would have been futile.  Under this court's February 15, 2008 Memorandum and Order, Griffin and Muse must plead exhaustion to bring claims under the IDEA, ADA, RA and Public School Code and are prohibited from bringing a § 1983 claim based on those statutes against the School District defendants. Blunt, 2008 WL 442109.  Thus, to the extent Griffin and Muse seek to add those claims against the School District and School Board, it would be futile.  Plaintiffs' motion for leave to amend will be denied insofar as it seeks to add claims by

Griffin and Muse under the IDEA, ADA, RA, Public School Code, or § 1983 to the extent such a claim is based on one of those statutes against the School District and School Board.

The School District defendants next argue that the plaintiffs' attempts to amend their allegations with respect to the previously dismissed organizational plaintiffs would be futile.  In our February 15, 2008 Memorandum and Order, we dismissed the claims brought by CBP and NAACP.  We explained that the First Amended Complaint did not sufficiently allege an injury on the part of these organizational plaintiffs.  Thus, they had no standing, either in their own right or on behalf of their members.  Though the School District defendants acknowledge that plaintiffs' proposed amendments have addressed this deficiency, they claim that the proposed Second Amended Complaint does not sufficiently allege standing on the part of the organizational plaintiffs on another ground.

Under Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333 (1977),

> [a]n association has standing to bring suit on behalf of its members when:  (1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation in the lawsuit of the individual members.

432 U.S. at 343.  Here, the School District defendants argue that both the claims asserted and the relief requested by the organizational plaintiffs would require the participation in the

lawsuit of individual members. The proposed Second Amended Complaint is not a model of clarity and does not specify which claims are being asserted by the organizational plaintiffs or what relief those plaintiffs seek. In their reply memorandum in support of their motion for leave to amend the complaint, plaintiffs represent that the organizational plaintiffs "are in the litigation merely to effectuate the systemic relief that is needed to change an educational system that is broken" and that the demand for monetary damages pertains only to individually named plaintiffs. Pl.s' Reply at 6. We agree that it would be improper under the <u>Hunt</u> test for the organizational plaintiffs in their representative capacity to seek monetary damages on behalf of individual plaintiffs. It appears to the court, however, that the organizational plaintiffs are asserting some claims and seeking some relief against defendants which would not require the participation of individual members. At this early stage of the litigation, the court finds it prudent to permit the plaintiffs to amend the complaint as to the organizational plaintiffs and leave to another day whether such claims are viable.[5]  See <u>Havens Realty Corp. v. Coleman</u>, 455 U.S. 363, 378 (1982).

---

5. Similarly, it would not be appropriate for us to address the School District defendants' additional contentions at this time, particularly those regarding the factual accuracy of the allegations in the Second Amended Complaint.

IV.

In sum, we will deny the motion of the Department of Education for reconsideration.  We will grant in part and deny in part the motion of plaintiffs for leave to file a Second Amended Complaint.  That motion will be denied to the extent that it seeks to include claims that we have previously dismissed, except for those by the organizational plaintiffs, and claims by Griffin and Muse under the IDEA, ADA, RA, Public School Code, or § 1983 to the extent such a claim is based on the IDEA, ADA, RA or Public School Code, against the School District and School Board.  The motion for leave to file a Second Amended Complaint will otherwise be granted.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMBER BLUNT, et al.              :      CIVIL ACTION
                                 :
         v.                      :
                                 :
LOWER MERION SCHOOL              :
DISTRICT, et al.                 :      NO. 07-3100
```

ORDER

AND NOW, this 6th day of June, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of defendant Pennsylvania Department of Education for reconsideration (Docket No. 32) is DENIED;

(2)  the motion of plaintiffs Amber Blunt, et al., for leave to amended the complaint (Docket No. 36) is GRANTED in part and DENIED in part, as follows:

(a) plaintiffs' motion is DENIED insofar as it seeks:  (i) to include claims which this court has already dismissed concerning plaintiffs other than Concerned Black Parents, Inc. and the Mainline Branch of the NAACP; and (ii) to add claims for Quiana Griffin or Lynda Muse under the IDEA, ADA, RA, Public School Code and § 1983 to the extent such a claim is based on the IDEA, ADA, RA or Public School Code against defendants Lower Merion School District or Lower Merion School Board;

(b) plaintiffs' motion is otherwise GRANTED; and

   (3) the amended complaint, but only as allowed by this court, shall be filed and served within ten (10) days of the filing of this Order.

           BY THE COURT:

           <u>/s/ Harvey Bartle III  </u>
                     C.J.