IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMBER BLUNT, et al.           :        CIVIL ACTION
                              :
        v.                    :
                              :
LOWER MERION SCHOOL           :
DISTRICT, et al.              :        NO. 07-3100

MEMORANDUM

Bartle, C.J.                                November 18, 2008

        Plaintiffs in this putative class action are eight
African American students or former students of the Lower Merion
School District, their parents, and two advocacy organizations,
the Concerned Black Parents, Inc. and The Mainline Branch of the
NAACP.  Each of the students or former students is classified as
having a learning disability.  Plaintiffs Amber, Crystal, and
Michael Blunt have sued the Lower Merion School District and
Lower Merion School Board (hereinafter "District Defendants"),
while the remaining plaintiffs have sued the Pennsylvania
Department of Education ("PDE") in addition to the District
Defendants.

        Pending before the court is the motion of the District
Defendants for judgment on the pleadings against the Blunt
plaintiffs under Rule 12(c) of the Federal Rules of Civil
Procedure with respect to Count VI of the Third Amended
Complaint.  Count VI, brought solely by the Blunt plaintiffs,
asserts a claim under the Pennsylvania Public School Code, 22 PA.
CODE § 14.102 et seq.

Plaintiffs, other than the Blunts, currently seek to remedy alleged wide-spread violations of the Individuals with Disabilities Education Act ("IDEA), 20 U.S.C. § 1400, et seq., Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, et seq., § 504 of the Rehabilitation Act, 29 U.S.C. § 794, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.  The Blunt plaintiffs now assert only a claim under state law.  All plaintiffs contend that the defendants have failed to ensure that African American students with a learning disability receive an appropriate education without regard to race.

The Complaint in this matter was filed on July 30, 2007.  The Amended Complaint was filed on September 26, 2007.  On February 15, 2008, we ruled on the defendants' motion to dismiss the Amended Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Among other things, we dismissed all of the Blunts' federal claims.  On August 5, 2008, the Third Amended Complaint was filed.

II.

In deciding this motion for judgment on the pleadings, we review the facts and inferences to be drawn from the pleadings in the light most favorable to the non-movant as we would in

connection with a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  <u>Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.</u>, 11 F.3d 399, 406 (3d Cir. 1993).

Generally, the plaintiffs contend the Lower Merion School District routinely misuses below grade level programs and modified classes by placing African American students in these programs in order intentionally to segregate them from their class and the regular curriculum.  They further allege the School District removes these students, in some cases, to avoid evaluating their eligibility for services under the IDEA.  The PDE has allegedly failed to enforce the IDEA's mandate that it ensure that children with disabilities receive an appropriate education in the least restrictive environment.  The Non-Blunt plaintiffs further contend the PDE has failed to ensure that African American children are not proportionally over-represented in special education classes.

The plaintiff students or former students involved in this litigation are Amber Blunt, Lydia Johnson, Saleema Hall, Chantae Hall, Walter Whiteman, Eric Allston, Richard Coleman and Quiana Griffin.  Amber Blunt is a 20 year old African American graduate of the Lower Merion School District.  While attending school, she was identified as a student with a specific learning disability.

According to the Third Amended Complaint, plaintiff Lydia Johnson is a 19 year old African American student who was

-3-

eligible to be graduated in June of 2006.  Lydia's mother chose
to keep her in the School District for a thirteenth year because
of Lydia's severe reading deficiencies.  The School District
first identified Lydia's learning disability in her first grade
year.  She was referred for Occupational Therapy and also
received intensive learning support services.  A re-evaluation in
her sixth grade year revealed Lydia's reading skills were
significantly below grade level and her math skills were
similarly below grade level.  In the tenth grade, Lydia's
disability was classified as "educably mentally retarded."  In
2004, the Lower Merion School District concluded that "to meet
success, Lydia requires a small group setting with some
individualized instruction particularly when any reading is
required."  Specialized instruction was not provided.  Although a
2006 re-evaluation report concluded that Lydia's reading skills
were significantly below grade level, the School District
determined that she met the graduation requirements.

       Plaintiff Saleema Hall, it is alleged, is an African
American seventh-grade student currently enrolled in Welsh Valley
Middle School.  She suffers from a speech or language impairment
and receives services under the IDEA.  Saleema has been
continually placed in below grade level classes.

       Plaintiff Chantae Hall purportedly has been a student
in the Lower Merion School District since kindergarten.  She is
currently in the tenth grade.  Chantae participated in a tutorial
program between her kindergarten and first grade year.  She was

-4-

identified as needing specially designed instruction in the
second grade.  Throughout her years in the School District, a
learning support teacher has been assigned to Chantae's regular
teacher, and she has participated in a part-time learning support
program.

The Third Amended Complaint asserts that plaintiff Eric
Allston is a 19 year old African American graduate of Lower
Merion School District.  Eric was identified as a student with a
disability and was placed in special education classes.  During
his tenure in the Lower Merion School District, Eric participated
in an itinerant emotional support program, the REACH pullout
reading program, and the PRIDE program, which is an emotional
support initiative.  In the seventh grade, Eric was transferred
to Welsh Valley Middle School.  For high school, Eric attended
the Harriton High School, which also offered him participation in
the PRIDE program.  In eleventh grade, Eric participated in
vocational technical classes.  In November of 2004, he was
transferred to Lincoln High School, a private school located in
Bridgeport, Pennsylvania dedicated solely to the education of
children with disabilities.  Eric continued attending vocational
technical classes while enrolled at Lincoln High School and was
graduated in June of 2006.

Plaintiff Walter Whiteman, a ninth grade student at
Lower Merion High School, is identified as a student in need of
special education services by the Lower Merion School District.
He is currently being taught in classes with a below grade level

-5-

curriculum.  The complaint alleges that Walter exhibits aggressive behavior towards other students and an inability to control such responses, which stunts his learning and the learning of others.

According to the Third Amended Complaint, plaintiff Richard Coleman is an African American student presently enrolled in the Lower Merion School District.  He was evaluated and identified as a student with a specific learning disability.  In May of 2005, the Lower Merion School District developed an educational plan program for Richard.  Pursuant to this plan, he participated during his first grade year in part-time learning support for academics and learning support in the inclusion setting for science and social studies.  Richard was frequently teased and physically harassed in the first grade.  As a result, the Lower Merion School District retained a consultant in order to maintain a safe atmosphere and prevent injury to him.  The consultants reported "degrading and demoralizing" treatment of African American students in Richard's class.  He is still attending school in the Lower Merion School District.

Finally, plaintiff Quiana Griffin asserts she is a tenth grade, African American student at Lower Merion High School.  A school psychologist concluded that Quiana was a student with a learning disability in need of special education services.  She was referred to the REACH program and was placed in below-grade level classes when she moved into middle school.

-6-

Quiana is allegedly performing below par in all academic areas, although her report card suggests she is performing well.

IV.

The District Defendants move for judgment on the pleadings against the Blunt plaintiffs on three different grounds. First, they seek judgment to the extent the Blunts' claims under the Public School Code have not been administratively exhausted.[1] Second, District Defendants argue that judgment should be granted because the Blunts brought suit out of time, that is, over ninety days after the August 31, 2005 decision of the State Review Official.[2] Finally, District Defendants maintain that the court does not have subject matter jurisdiction over the Blunts' state law claims given that their federal claims have now been dismissed.

We begin with the District Defendants' argument that their motion for judgment on the pleadings on Count VI should be

_____

1. District Defendants correctly note that claims under the Public School Code require administrative exhaustion to the same extent as claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq. Blunt v. Lower Merion Sch. Dist., 559 F. Supp. 2d 548, 561 (E.D. Pa. 2008) ("Blunt I"). We previously explained in Blunt I that Chapter 14 of the State Board of Education Regulations incorporates by reference the procedural due process requirements of the IDEA's regulations, which require administrative exhaustion before a claim can be brought. 22 Pa. Code § 14.102(a)(xx); 34 C.F.R. § 300.516.

2. Under 34 C.F.R. § 300.516, the party bringing the action has ninety days from the date of the decision of the State Review Official to file a civil action. Section 300.516 is incorporated by reference into 22 Pa. Code § 14.102 et seq.

-7-

granted under Rule 12(c) of the Federal Rules of Civil Procedure
because this court lacks subject matter jurisdiction over that
claim.  A Rule 12(c) motion is analogous to a Rule 12(b)(6)
motion, only made after an answer or other responsive pleading
has been filed.  Maggette v. Dalsheim, 709 F.2d 800, 802 (2d Cir.
1983).  Because a dismissal for lack of subject matter
jurisdiction is not an adjudication on the merits and does not
bar an action in another forum, a motion for judgment on the
pleadings is not the appropriate method to raise the issue.  We
will treat the pending motion in this regard as a motion to
dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil
Procedure.

        Here, District Defendants make a facial attack on
subject matter jurisdiction.  Taliaferro v. Darby Twp. Zoning
Bd., 458 F.3d 181, 188 (3d Cir. 2006); Carpet Group Int'l v.
Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir.
2000).  Thus, we must determine whether jurisdiction exists based
on the allegations on the face of the complaint, which must be
taken as true for present purposes.  Taliaferro, 458 F.3d at 188.

        It is undisputed there is no diversity or federal
question jurisdiction over the Blunts' claim under the
Pennsylvania Public School Code.  Both they and Defendants are
citizens of Pennsylvania, and their claims are brought solely
under a Pennsylvania statute.  The Blunt Plaintiffs rely on
supplemental jurisdiction under 28 U.S.C. § 1367.  Defendants
counter that we cannot exercise supplemental jurisdiction because

-8-

plaintiffs state a case or controversy separate from those of the remaining plaintiffs over which the court admittedly has federal question jurisdiction.

Title 28 U.S.C. § 1367, which codifies the doctrines of pendent and ancillary jurisdiction under the term "supplemental jurisdiction," provides, in pertinent part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
>       *  *  *
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -
>
>       *  *  *
>
> (c) the district court has dismissed all claims over which it has original jurisdiction[.]

28 U.S.C. § 1367(c) (emphasis added).

The Blunts argue that the Pennsylvania Public School Code, on which their claim is based, was enacted to implement and effectuate the purposes of the IDEA, one of the federal statutes which form the basis of the claims of the Non-Blunt Plaintiffs. They highlight that the IDEA requires each state that receives

-9-

federal funds under the Act to ensure that any state rules, regulations, and policies relating to the Act conform to its purposes.  20 U.S.C. § 1407.  Thus, the Blunts contend that the alignment of the Pennsylvania Public School Code with the IDEA suggests that claims under these two statutes will, "by definition," share significant factual elements allowing this court to exercise supplemental jurisdiction over their claims.

Section 1367, codifying the constitutional analysis enunciated in <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 715 (1966), grants federal courts supplemental jurisdiction to the limits permitted by the "case or controversy" clause of Article III of the Constitution.  <u>Baggett v. First Nat'l Bank of Gainesville</u>, 117 F.3d 1342, 1353 (11th Cir. 1997).  Claims are part of the same "case or controversy" if they derive from a "common nucleus of operative fact" and are such that a plaintiff or plaintiffs would ordinarily be expected to try them in one judicial proceeding.  <u>United Mine Workers</u>, 383 U.S. at 725; <u>Arnold v. Kimberly Quality Care Nursing Serv.</u>, 762 F. Supp. 1182, 1186 (M.D. Pa. 1991); <u>Lyon v. Whisman</u>, 45 F.3d 758, 760 (3d Cir. 1995).  Thus, supplemental jurisdiction can attach even if a plaintiff has no claim, standing alone, within the subject matter jurisdiction of the court so long as the claim is part of the same case or controversy of another plaintiff whose claims do fall within the court's subject matter jurisdiction.  <u>Arnold</u>, 762 F. Supp. at 1185.

-10-

Our Court of Appeals in <u>Lyon</u> explained that the "common nucleus of operative fact" test is a factually sensitive inquiry where "no two cases of supplemental jurisdiction are exactly alike."  <u>Id.</u>  It observed that some courts have held that a "loose" nexus is consistent with the limits set by Article III, while others have strongly rejected such an approach.[3]  While supplemental jurisdiction exists where the federal and state claims are "merely alternative theories of recovery based on the same acts," it fails where claims are "totally unrelated to a cause of action under federal law."  <u>Id.</u> (citing <u>Lentino v. Fringe Employee Plans, Inc.</u>, 611 F.2d 474, 479 (3d Cir. 1979)).

In <u>Lyon</u>, the court concluded that an employee's claim for unpaid overtime wages under the Fair Labor Standards Act did not derive from a common nucleus of operative fact as her state law claim for a bonus.  The court reasoned:

> Lyon's FLSA claim involved very narrow, well-defined factual issues about hours worked during particular weeks.  The facts relevant to her state law contract and tort claims, which involved Whisman's [plaintiff's employer] alleged underpayment of a bonus and its refusal to pay the bonus if Lyon started looking for another job, were quite distinct. In these circumstances it is clear that there is so little overlap between the evidence relevant to the FLSA and state claims, that there is no 'common nucleus of operative fact' justifying supplemental jurisdiction over the state law claims.

<u>Lyon</u>, 45 F.3d at 763.

---

3.  The Seventh Circuit adopted a "loose" nexus standard. <u>Ammerman v. Sween</u>, 54 F.3d 423 (7th Cir. 1995).

Although the court specifically noted it would refrain from deciding "how close the nexus between the federal and state claims must be to support the exercise of supplemental jurisdiction," the holding in Lyon strongly suggests a rejection of a "loose" nexus rule in this Circuit.[4]  Id. at 762.

Thus, keeping the Lyon analysis in mind, we must examine the allegations on the face of the complaint and determine whether the Blunts' state law claim in Count VI of the Third Amended Complaint and the Non-Blunt Plaintiffs' federal claims derive from a common nucleus of operative fact.

The Third Amended Complaint fails to set forth in detail the facts underlying Amber Blunt's dispute with the Lower Merion School District and the School Board.  Of the 187 paragraphs in the Third Amended Complaint, Paragraphs 11, 187 and 188 are the only ones to address Amber Blunt.  According to paragraph 11, Amber was identified as a student with a specific learning disability who was graduated from the Lower Merion School District in 2005.

Amber Blunt was enrolled in the Lower Merion School District during a different period than most of the Non-Blunt Plaintiffs.  Although the Third Amended Complaint does not specify which school she attended within the district, the Non-Blunt Plaintiffs, it appears, attended a number of different

---

4.  The District of Delaware has interpreted Lyon as expressly rejecting the "loose" nexus requirement.  Paul v. Deloitte & Touche LLP, No. 06-225, 2007 WL 2402987 (D. Del. Aug. 20, 2007).

schools.  For instance, Saleema Hall currently attends Welsh
Valley Middle School, Walter Whiteman attends Lower Merion High
School, and Eric Allston attended Harriton High School.
Furthermore, the student-plaintiffs' learning disabilities and
the school district's responses to them vary.  Although Amber
Blunt's learning disability is not detailed in the Third Amended
Complaint, the rest of the student-plaintiffs appear to have
varying degrees of disability prompting different levels and
types of instruction and support services.  There is little
overlap between the operative facts for Amber Blunt's state law
claim and the host of federal claims brought by the Non-Blunt
Plaintiffs.  They involve different time periods, if not
different schools within the Lower Merion School District,
different disabilities, and different treatment of learning
disabilities.  In sum, each of the student-plaintiffs presents an
entirely different factual predicate for his or her claims.  The
nexus between the Blunts' claims and the other plaintiffs' claims
is not sufficiently close so as to pass muster under Lyon.

        Plaintiffs' reliance on Peter Bay Homeowners Ass'n v.
Stillman, 294 F.3d 524 (3d Cir. 2002), is inapposite.  That case
involved the proper interpretation of a prior 1975 decision of
the district court concerning the scope of an easement across
certain beachfront properties in St. John, Virgin Islands.
Certain property owners, who were not parties to the original
action, contended that the District Court did not have
supplemental jurisdiction to determine the scope of the easement

as to them.  The Court of Appeals rejected that contention.  It held that there was "sufficient overlap between the interpretation of the 1975 Harthman decision and the scope of the beachfront easement across the non-Harthman owned properties for supplemental jurisdiction to exist."  Id. at 534.  The court noted that the properties there were identical to those involved in the earlier decision.  In addition, the deeds at issue specifically referenced the court's 1975 decision.  The Blunts' claim, of course, does not involve property in which all parties have an interest.  Nor do the Blunts' factual allegations have the same close nexus with the factual allegations of the remaining plaintiffs as was found to exist in Stillman.[5]

The Blunt plaintiffs have not established that their state law claims and the federal claims of the remaining plaintiffs arise out of the same nucleus of operative fact.  Accordingly, we will dismiss the Blunts' state law claims for lack of subject matter jurisdiction.  There is no diversity or federal question jurisdiction over the Blunts' claims, and they do not form part of the same case or controversy as the other claims in this action so as to allow this court to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

---

5.  Finally, we note that the plaintiffs' complaint and Count VI reference "class allegations" and "members of the class."  To date, no class has been certified in this matter.  Thus, we are not presented with a situation involving a class action.

-14-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


AMBER BLUNT, et al.              :        CIVIL ACTION
                                 :
         v.                      :
                                 :
LOWER MERION SCHOOL              :
DISTRICT, et al.                 :        NO. 07-3100


ORDER


         AND NOW, this 18th day of November, 2008, for the
reasons set forth in the accompanying Memorandum, it is hereby
ORDERED that the motion of defendant Lower Merion School District
and defendant Lower Merion School Board to dismiss Count VI of
the Third Amended Complaint for lack of subject matter
jurisdiction (incorrectly denominated as a motion for judgment on
the pleadings) is GRANTED.

                              BY THE COURT:


                              /s/ Harvey Bartle III
                                                    C.J.