IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMBER BLUNT, et al.            :        CIVIL ACTION
                               :
        v.                     :
                               :
LOWER MERION SCHOOL            :
DISTRICT, et al.               :        NO. 07-3100

MEMORANDUM

Bartle, C.J.                                    May 7, 2009

          Before the court are the objections of parents of
certain students receiving special education in the Lower Merion
School District ("LMSD") to the production by the Pennsylvania
Department of Education ("PDE") of certain statistical
information about those students in connection with plaintiffs'
pending motion for class certification.

          This putative class action lawsuit was brought by
parents of African-American students in the LMSD, Concerned Black
Parents of the Mainline, Inc., and the Mainline Branch of the
NAACP.  The defendants are the LMSD and the PDE.  Plaintiffs
bring claims for violations of the Individuals with Disabilities
Education Act ("IDEA"), 20 U.S.C. § 1400, et seq., Title II of
the Americans with Disabilities Act, 42 U.S.C. § 12132, et seq.,
§ 504 of the Rehabilitation Act, 29 U.S.C. § 794, Title VI of the
Civil Rights Act of 1964, 42 U.S.C. § 2000d, and the Equal
Protection and Due Process Clauses of the Fourteenth Amendment to
the United States Constitution.  The plaintiffs seek to remedy

the alleged systemic failure of the defendants to provide
appropriate special education to African-American students in the
LMSD.

On December 22, 2008, the plaintiffs filed a motion for
class certification pursuant to Rule 23 of the Federal Rules of
Civil Procedure seeking to certify the following class:

> All present and future African American
> students in the Lower Merion School District
> who are denied access to the general
> education curriculum; are placed in below
> grade level classes; receive a modified
> curriculum; and/or are sent to separate,
> segregated schools that provide them with an
> education inferior to the education provided
> their Caucasian peers with and without
> disabilities.

The court subsequently granted the parties a period of
time to engage in discovery with respect to the class action
certification issue.  During this discovery period, the
plaintiffs served discovery requests seeking the disclosure of
educational records and data for students in the LMSD.
Specifically, the plaintiffs seek (1) adequate yearly progress
data for the LMSD from 2004 through the present, broken down by
race for all races, and (2) Penn Data[1] by exceptionality, age,
gender, race and educational environment for special education
students in the LMSD from 2004 to the present.  This includes
information concerning the age, race, gender, eligibility for

---

1.  The Penn Data system is a database in which certain
information is recorded for every special education student in
Pennsylvania.  It is reported by each school district to the
local Intermediate Unit and then to PDE.

special education, disability classification, where the students
receive their special education programming, and the category of
proficiency each child received on state-wide testing.  The PDE
objected to the production of this information claiming the
production of such data would violate its obligation to protect
the confidentiality of student records under the Family
Educational and Privacy Rights Act, 20 U.S.C. § 1232g, and the
IDEA.

On March 9, 2009, the court ordered the PDE to produce
this data on or before April 10, 2009.  That Order authorizes the
PDE to remove information that could identify specific students.
It states:  "The Pennsylvania Department of Education may remove
from the disclosed data any student names or social security
numbers or other student-specific identification numbers."  See
Doc. #81.  That same day the court entered a Protective Order to
ensure the confidentiality of such documents and data when
produced to plaintiffs' counsel.  On March 31, 2009, the PDE
notified the parents of students in the LMSD that the educational
records and data of their children had been ordered disclosed.
This notice was required pursuant to 20 U.S.C. § 1232g(b)(2)(B)
of the Family Educational and Privacy Rights Act and its
implementing regulations, 34 C.F.R. § 99.31(a)(9)(ii). Upon
receiving numerous objections to the production of this
information from the notified parents, the court ordered that the
March 9, 2009 Order be stayed so that the parents could raise
their objections at a hearing in open court.  On May 1, 2009, the

-3-

court held a hearing at which some parents of children currently or formerly enrolled in the LMSD or former students who had objected to the production of their educational records or data appeared to explain their objections.

The parties do not dispute the relevance of the requested information.  This discovery dispute instead requires us to weigh the statutory privacy interests of the parents and students, non-parties to this lawsuit, against the need and relevance of the discovery in resolving the class action issues before the court.  The students enrolled in the LMSD and their parents have a privacy interest in their educational records and data.  20 U.S.C. § 1232g(b)(2)(B); 34 C.F.R. § 99.31(a)(9)(ii). Under the Family Educational and Privacy Rights Act, funds under any applicable program may be withheld from any educational agency or institution that fails to notify parents and students of court orders or subpoenas ordering the release or access to personally identifiable information in educational records.

Certain parents have voiced a particular concern with the release of this educational information due to the societal stigma connected with special education.  Fears have been expressed that the potential for the inadvertent online dissemination of this information is high.  Furthermore, even though the PDE will redact the names, addresses and social security numbers of the students, parents are worried that their children could be identified by virtue of the low number of

-4-

students enrolled in special education and the degree to which the information will be categorized.

Against this privacy interest, we must consider the importance of the requested information to this lawsuit. Plaintiffs assert claims of widespread and systemic racial discrimination by a School District and the Department of Education. There is no doubt that the issues at stake are of the utmost importance and justify the disclosure of information that will allow this matter to be resolved.

This conclusion is buttressed by the protections offered by the Protective Order entered on March 9, 2009. Pursuant to this Order, the confidential documents and personally identifiable information derived from such documents shall be used and disclosed solely for the purposes of this lawsuit. This information shall not be revealed, disclosed, or made available for inspection or copying to any person except under the terms of the Protective Order or as required to be disclosed by law or court order. The parties are required to maintain in a secure manner all confidential documents and personally identifiable information derived therefrom. Such information may only be disclosed to a very limited group of persons involved in the litigation, including counsel of record, experts, consultants or employees of document handling services specifically retained by the parties, court personnel working on the case, the author or addressee of the document, and persons agreed upon by the parties. If a party wishes to submit a confidential document or

-5-

personally identifiable information derived therefrom to the
court, the party must move to file the pleading under seal.
These are significant protections that severely limit the scope
of persons that will have access to the protected information and
minimize the potential for unauthorized release of the
information.

In light of the privacy protections afforded by the
Protective Order, the potential for harm to the privacy interests
of parents and students in the LMSD is outweighed by the
importance of this information to this lawsuit, which centers on
the constitutional and statutory rights of children and the
alleged violation of those rights by their own School District.

Having heard the objections raised by these interested
parties and after careful consideration, we will order the
production of the requested educational information and data.
However, we will specifically prohibit the PDE from disclosing
the names, addresses and social security numbers of the students
or parents involved.