```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMBER BLUNT, et al.            :      CIVIL ACTION
                               :
     v.                        :
                               :
LOWER MERION SCHOOL            :
DISTRICT, et al.               :      NO. 07-3100
```

NINTH SCHEDULING ORDER

AND NOW, this 21st day of December, 2010, following a telephone conference with counsel, it is hereby ORDERED that:

1. The Eighth Scheduling Order dated September 17, 2009 is hereby VACATED.

2. All discovery shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed, and completed by April 29, 2011.

3. Plaintiffs shall file and serve any reports of expert witnesses with respect to issues on which they have the burden of proof on or before May 31, 2011.

4. Defendants shall file and serve any responsive reports of expert witnesses on or before June 30, 2011.

5. Any summary judgment motion or other dispositive motion, together with supporting brief, shall be filed and served on or before July 15, 2011.

6. No brief filed in support of or in opposition to any motion shall exceed 25 pages in length without prior leave of court.

7. Every factual assertion in a brief shall be supported by a citation to the record where that fact may be found.

8. All parties shall prepare and file with the Clerk of Court their Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c), and any motions in limine as follows:

   A. Plaintiffs - on or before October 20, 2011; and

   B. Defendants - on or before October 27, 2011.

9. The Court will hold a final pretrial and settlement conference in October 2011.

10. The case will be placed in the trial pool on November 1, 2011.

11. Any party having an objection to: (A) the admissibility for any reason (except relevancy) of any evidence expected to be offered; or (B) the adequacy of the qualifications of an expert witness expected to testify shall set forth separately each such objection in its Pretrial Memorandum. Such objection shall describe with particularity the ground and the legal authority for the objection.

12. The <u>Pretrial Memorandum</u> shall also identify the other significant legal issues involved in the case, together with appropriate citations and other legal authority.

13. If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel <u>prior to trial</u> for such information. If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial.

14. At least five (5) working days before the case is placed in the trial pool, each party shall submit to the court, and serve on each other, two (2) copies of proposed points for charge and any proposed special jury interrogatories. Each point for charge or proposed jury interrogatory shall be numbered and shall be on a separate sheet of paper identifying the name of the requesting party. Supplemental points for charge will be permitted during and at the conclusion of the trial. Points for charge should be accompanied by appropriate citations of legal authority.

15. If a party uses any version of the Word Perfect word processing system, it is urged to provide the court with a disk containing the proposed points for charge and proposed special jury interrogatories.

16.  Before commencement of trial, counsel will pre-mark and exchange all exhibits.  The court should be supplied with two (2) separate sets of exhibits, and a schedule of exhibits which shall briefly describe each exhibit.

BY THE COURT:

/s/ Harvey Bartle III
C.J.